UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

EASTERN SAVINGS, FSB,

               Plaintiff,

     -against-

EBONY THOMPSON, KATRINA BREEDY
NEW YORK CITY PARKING VIOLATIONS
BUREAU, NEW YORK ENVIRONMENTAL
CONTROL BOARD AND JOHN DOE #1, JOHN
DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN
DOE #5, JOHN DOE #6, the last six names being
fictitious and unknown to plaintiff, the persons or
parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming
interest upon the premises described in the
Complaint,

               Defendants.

-------------------------------------------------------------X

**DECISION AND ORDER**
12-CV-1197 (WFK) (RLM)

**WILLIAM F. KUNTZ, II, United States District Judge**

Eastern Savings Bank, FSB ("Plaintiff") brought this action to foreclose on a mortgage encumbering certain real property located at 1696 Rockaway Parkway, Brooklyn, New York 11236, on which a mortgage was executed on May 26, 2006 by Ebony Thompson and Katrina Breedy ("Defendants"). On May 21, 2013, Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Plaintiff filed its own motion for summary judgment two day later, on May 23, 2013. *See* Dkts. 32 ("Defs.' Mot.") & 37 ("Pl.'s Mot."). Because Plaintiff has failed to establish that it has standing to bring the foreclosure action, Defendants' motion for summary judgment is granted, and, in turn, Plaintiff's motion is denied.

## FACTUAL BACKGROUND

Plaintiff is a federally chartered savings bank with its primary office located in Maryland,

and Defendants are residents of New York. *See* Dkt. 1 ("Compl.") ¶¶ 2-3. On May 26, 2006,

Defendants executed a Note in the amount of $500,000 in favor of non-party Home123 Corporation ("Home123"). *See* Pl.'s Mot., Ex. A ("Note"); Compl. ¶ 10; Dkt. 39 ("Pl.'s 56.1 St.") ¶ 2. On the same day, Defendants executed and delivered to Home123 a Mortgage encumbering real property located at 1696 Rockaway Parkway, Brooklyn, NY 11236, as security for the Note. *See* Pl's Mot., Ex. B ("Mortgage"); Pl.'s 56.1 St. ¶ 3.

Home123 then assigned the Mortgage to non-party GMAC Mortgage, LLC ("GMAC") on May 31, 2006 (Assignment No. 1). GMAC allegedly took title to the loan strictly for the purpose of servicing the loan for non-party UBS Real Estate Securities, Inc. ("UBS"). Pl.'s 56.1 St. ¶ 10. The Note and Mortgage were then assigned to UBS by Assignment of Mortgage (Assignment No. 2), which is dated November 6, 2007 and recorded in the Register's Office on February 20, 2008. *See* Pl.'s Mot., Ex. E ("Assignment of Mortgage #2"); Compl. ¶ 13; Pl.'s 56.1 St. ¶ 13. UBS assigned the Note and Mortgage to Plaintiff by Assignment of Mortgage (Assignment No. 3) dated February 6, 2008, and it was recorded in the Register's Office on February 20, 2008. *See* Pl.'s Mot., Ex. F ("Assignment of Mortgage #3"); Compl. ¶ 14; Pl.'s 56.1 St. ¶ 14. The Note and Mortgage were physically delivered to Plaintiff by UBS. Dkt. 37-2 (Aff. of Terry Brown, ("Brown Aff.")) ¶ 13; Dkt. 35-5 (Aff. of Matthew Bollo ("Bollo Aff.")) ¶ 5. However, because the original assignment from Home123 to GMAC was not properly recorded, there was a gap in chain of title. Accordingly, Assignment No. 1 was executed on April 29, 2011[1] and recorded by the Registrar's Office on August 11, 2011—nearly five years after the original assignment—in order to correct the gap. *See* Pl.'s Mot., Ex. D; Compl. ¶ 12; Pl.'s 56.1 St. ¶ 12.

---

[1] Plaintiff states in its Complaint that Assignment No. 1 is dated "April 29, 2011," *see* Compl. ¶ 12, but then represents in its 56.1 Statement that Assignment No. 1 is dated "April 9, 2011," *see* Pl.'s 56.1 St. ¶ 12. Upon review of Plaintiff's Exhibit D in support of its Motion for Summary Judgment, it appears the correct date is April 29, 2011.

The terms of the Note require Defendants to make regular monthly payments to Plaintiff on the first day of each month, commencing on July 1, 2006. *See* Brown Aff. ¶ 15; Note at 1 ("[Defendants] will pay principal and interest by making a payment every month .... On the first day of each month beginning on July 1, 2006."). The Note explains that "[i]f [Defendants] do not pay the full amount of each monthly payment on the date it is due, [Defendants] will be in default." Note at 3. If such a default occurs, the Note requires Plaintiff to send Defendants written notice that if the overdue amount is not tendered by a given date, Plaintiff may immediately demand Defendants to pay the full amount of the loan, in addition to all accrued interest. *Id.*

Defendants defaulted on the loan by failing to make the monthly payment due on September 1, 2006 and all subsequent monthly payments thereafter. Brown Aff. ¶ 17. On September 19, 2011, Plaintiff sent Defendants a demand letter which informed them that if Plaintiff "fails to receive payment from [Defendants] in the [overdue amount], plus reimbursement of [Plaintiff's] attorney's fees and costs in the amount of $300.00, within thirty (30) days from receipt of this letter . . . the entire unpaid balance under this Security Instrument and Note will be accelerated and become due and owing in full to [Plaintiff]." Pl's Mot., Ex. C ("Default Notice") at 1. Nonetheless, Defendants failed to pay any of the overdue amount as demanded by the letter. Brown Aff. ¶ 21; Pl.'s 56.1 St. ¶ 8.

As a result, on March 12, 2010, Plaintiff filed the instant foreclosure action. *See* Compl.; Pl.'s 56.1 St. ¶ 8. According to Plaintiff, the total amount it is owed, including the unpaid principal balance due under the Note and all accrued unpaid interest, protective advances and late charges, totals $782,492.90. Pl.'s 56.1 St. ¶ 19. Plaintiff originally filed a foreclosure action

in New York State Supreme Court to enforce the default, but voluntarily dismissed the action based on perceived defects in chain of title. *See* Brown Aff. ¶ 45.

On March 30, 2012, Defendants filed their Answer to the Complaint. *See* Dkt. 4 ("Answer"). Defendants asserted general denials and five affirmative defenses: (1) Plaintiff has failed to state a viable cause of action against Defendants; (2) Plaintiff lacks standing to bring the foreclosure action; (3) Plaintiff is not entitled to judgment based on the doctrine of laches and/or estoppel; (4) the statute of frauds prevents the enforceability of the Note; and (5) the Complaint must be dismissed because "Plaintiff has engaged in fraudulent acts." *Id.* ¶¶ 27-65. Defendants filed a motion for summary judgment[2] on May 21, 2013, principally arguing that Plaintiff lacks standing to bring the action. *See* Dkt. 32. Plaintiff filed its own motion for summary judgment on May 23, 2014, arguing that it has standing and has established its *prima facie* case to foreclose. In addition to seeking summary judgment, Plaintiff requests an order (1) striking Defendants' Answer, and (2) amending the caption to substitute Evelyn Michelle in lieu of Defendant John Doe #1 and Louise Sutton in lieu of Defendant John Doe #2, as they were the tenants served and located at the property in question. Dkt. 38 ("Pl's Br.") at 17.

## DISCUSSION

### A. Summary Judgment Standard

A court appropriately grants summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No genuine issue of material fact exists "where the record taken as a whole

---

[2] It should be noted that the ECF entry indicates concurrent filings of a "Motion to Dismiss for Failure to State a Claim" and a "MOTION to Dismiss for Lack of Jurisdiction," within the same docket entry, though only one moving paper was in fact filed. *See* Dkt. 32. In addition, Defendants characterize the moving paper as a "motion for judgment on the pleadings" in the brief's preliminary statement, but then submit that in the alternative it could be construed as a motion for summary judgment. Def. Mot. at 1. The Court construes the motion as a motion for summary judgment.

could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). The moving party must meet its burden by pointing to evidence in the record, including depositions, documents, affidavits, or other materials which it believes demonstrates the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)((A), (2); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "In determining whether summary judgment is appropriate, [the] Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citations omitted). The role of the district court is not to weigh the evidence and determine the truth of the matter, but rather to perform "the threshold inquiry of whether there is the need for a trial[.]" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986).

If the moving party fulfills its preliminary burden, the burden shifts to the non-movant to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1). Statements that are devoid of specifics and evidence that is merely colorable are insufficient to defeat a properly supported motion for summary judgment. *See Bickerstaff v. Vassar Coll.,* 196 F.3d 435, 452 (2d Cir. 1999); *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir. 1998). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau,* 524 F.3d 160, 163 (2d Cir. 2008) (citing *Guilbert v. Gardner,* 480 F.3d 140, 145 (2d Cir. 2007)).

**B. Plaintiff States a *Prima Facie* Case**

Under New York law, "[t]o establish a prima facie case in an action to foreclose a mortgage, the plaintiff must establish the existence of the mortgage and mortgage note,

ownership of the mortgage, and the defendant's default in payment." *Campaign v. Barba*, 23 AD 3d 327 (2d Dept 2005)); *see also ECI Fin. Corp. v. Resurrection Temple of Our Lord, Inc.*, 43 Misc. 3d 1220(A) (Sup. Ct. N.Y. Cnty. May 5, 2014); *Builders Bank v. Warburton River View Condo LLC*, 09-CV-5484, 2011 WL 6370064, at *2 (S.D.N.Y. Dec. 20, 2011) (Briccetti, J.). "Once plaintiff has established its prima facie case by presenting the note, mortgage, and proof of default, the mortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the mortgagor." *Builders Bank*, 2011 WL 6370064, at *2 (citing *Regency Savs. Bank, F.S.B. v. Merritt Park Lands Assocs.*, 139 F. Supp. 2d 462, 465–66 (S.D.N.Y. 2001) (McMahon, J.)); *see also State Bank of Albany v. Fioravanti*, 51 N.Y.2d 638 (1980) ("[T]o defend against a summary judgment motion in a foreclosure action it is incumbent upon the real property owner ... to produce 'evidentiary proof in admissible form . . . sufficient to require a trial (of that defense) . . . . mere conclusions, expressions of hope, unsubstantiated allegations or assertions are insufficient.'"); *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991) (Sweet, J.) ("[W]here the mortgage holder establishes the basic elements of a cause of action for foreclosure, the mortgage holder is entitled to a presumptive right to collect, which can only be overcome by an affirmative showing from the defendant.").

Here, Plaintiff has made an initial showing of the Note and the Mortgage, both executed by Defendants. *See* Note; Pl.'s Mot., Ex. B ("Mortgage"). In addition, Plaintiff has presented evidence of Defendants' default through failure to make loan payments as required by the Note. *See* Default Notice; Brown Aff. ¶¶ 15–21. Therefore, Plaintiff has established its *prima facie* case by "presenting the note, mortgage, and proof of default." *Builders Bank*, 2011 WL 6370064, at *2.

## C. Plaintiff Lacks Standing

With Plaintiff satisfying its *prima facie* case, the burden would normally shift to Defendants to provide affirmative evidence of a defense. However, because Defendants have raised standing as an affirmative defense, it remains Plaintiff's burden to show it indeed has standing before the burden shifts to Defendants. *See U.S. Bank, Nat'l Ass'n v. Sharif*, 89 A.D.3d 723, 724 (2d Dep't 2011). "Where standing is raised as a defense by the defendant, the plaintiff is required to prove its standing before it may be determined whether the plaintiff is entitled to relief." *Id.* (citing cases); *Kluge v. Fugazy*, 145 A.D.2d 537, 538, (2d Dep't 1988) (finding that "'foreclosure of a mortgage may not be brought by one who has no title to it'"). In a foreclosure action, a plaintiff demonstrates standing "where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." *Bank of N.Y. v. Silverberg*, 86 A.D.3d 274, 279 (2d Dep't 2011) (collecting cases). This requires a closer look at the evidence presented by Plaintiff.

Defendants challenge Plaintiff's standing by arguing that Plaintiff lacks a requisite injury in fact because Plaintiff holds no interest in the Note at issue. This theory is premised on an alleged defect in the chain of title. Defendants suggest that the delivery of the Note from Home123, a predecessor in interest, to GMAC, a later predecessor in interest, is not satisfactorily demonstrated. Moreover, Defendants claim that it was only after Home123's bankruptcy and liquidation that an unknown "attorney-in-fact" effected the assignment of the mortgage retroactively. Dkt. 40 ("Defs' Opp.") at 3, 14.

Despite Defendants' protestations, the fact that one assignment contained a retroactive date is not by itself fatal to the chain of title. "Back-dating" is allowable to establish valid chain of title—so long as physical delivery of the instrument can be shown through affirmative

evidence. "An assignment of a mortgage does not have to be in writing and can be effective through physical delivery of the mortgage. However, if it is in writing, the execution date is generally controlling and a written assignment claiming an earlier effective date is deficient unless it is accompanied by proof that the physical delivery of the note and mortgage was, in fact, previously effectuated." *LaSalle Bank Natl. Assn. v Ahearn*, 59 A.D.3d 911, 912 (3rd Dep't 2009); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 33 (2d Cir. 2012) *cert. denied*, 134 S. Ct. 1276 (2014) (citing *U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752 (2d Dep't 2009) ("[U]nder New York law, physical delivery will effect a valid assignment of a note and mortgage; a written assignment is not required."). Thus, by offering a written assignment, the earlier date will not be effective unless Plaintiff provides some proof that the Note and Mortgage were physically delivered.

The corrective assignment here, Assignment No. 1, evidencing the transfer from Home123 to GMAC, was executed on April 29, 2011, but had an "as of" effective date of May 31, 2006. Plaintiff admits in its Rule 56.1 Statement that the May 31, 2006 assignment "had not been recorded" which "creat[ed] a gap in the record chain of assignments." Pl.'s 56.1 St. ¶ 12. This admitted gap caused Plaintiff to back-date the assignment. But in order for this May 31, 2006 date to apply retroactively, it must be "accompanied by proof that the physical delivery of the note and mortgage was, in fact, previously effectuated." *Ahearn*, 59 A.D.3d at 912.

### 1. Plaintiff Fails to Show Physical Delivery

Plaintiff fails to provide any affirmative evidence demonstrating that there was physical delivery of the Note and Mortgage from Home123 to GMAC. Plaintiff offers the affidavits of Terry Brown (Senior Asset Manager for Plaintiff) and Matthew Bollo (Director at UBS) to show the physical delivery of the Note and Mortgage *from UBS to Plaintiff*—but that assignment was

never in dispute. It is Assignment No. 1 that Plaintiff hopes this Court will find to apply retroactively, and it was because of Assignment No. 1 that Plaintiff voluntarily dismissed its own state court action. But for this Court to apply the disputed assignment retroactively, some indicia of evidence must be presented to show that physical delivery of the instruments occurred at the back-dated time. Upon close review of the evidentiary record, it is clear Plaintiff has failed to do so. No affidavit or other evidentiary offering purports to show that that physical delivery of Assignment No. 1 occurred.

Affiant Bollo is a director at UBS, and thus can testify to facts concerning the transfer of the Note and Mortgage from Home123 to UBS's servicing agent, GMAC. Bollo Aff. ¶ 1. In his affidavit, Bollo states that on June 23, 2006 "UBS purchased ownership of the Note and Mortgage from Home 123, pursuant to a Master Mortgage Loan Purchase Agreement with the parent of Home 123, New Century Mortgage Corp." Bollo Aff. ¶ 3. Affiant Bollo also notes that "GMAC took title (but not beneficial ownership) of the Loan solely for the purpose of facilitating the servicing of the Loan for UBS." Bollo Aff. ¶ 4. This is the entirety of Bollo's representations regarding the factual transfer of the Note and Mortgage from Home123 to GMAC. There is no mention to be found of Bollo stating the Note and Mortgage were physically delivered to GMAC or UBS from Home123.

In sharp contrast, Bollo *does* make certain to state that "UBS physically delivered (or directed the delivery of) the original Note indorsed in blank and original Mortgage to [Plaintiff] in or around late September 2007." Bollo Aff. ¶ 5. Bollo specifically states that there was physical delivery of the instruments and gives at least some level of detail explaining when the delivery was made. Read together, Bollo's silence as to physical delivery of Assignment No. 1 places the factual deficiency into sharper relief.

Plaintiff repeatedly stresses that because it purportedly has physical possession of the Note and the Mortgage, it is "irrelevant" that there may be a defect in the chain of title. Pl's Reply at 5–6. However, as discussed above, Plaintiff cannot establish standing to bring the action unless it can show valid chain of title through physical delivery of Assignment No. 1. *See Ahearn*, 59 A.D.3d at 912. Moreover, considering Plaintiff's efforts to voluntarily dismiss its own action in state court based on an admitted defect, its subsequent back-dating of an assignment for recordation, and then its filing a new foreclosure action in federal court, it is difficult for this Court to then conclude that an assignment defect is simply irrelevant. *See also* Pl's Mot. at 5–6 (Plaintiff states in its own brief that "a gap in the record chain of assignments existed" and "it was likely the State Action complaint would have been deemed defective as New York law provides that the party commencing a foreclosure proceeding must have the legal or equitable interest in the subject mortgage.").

Additionally, in arguing its case Plaintiff curiously relies on the Second Department's *Collymore* decision, 68 A.D.3d 752. *See* Dkt. 33 ("Pl's Opp.") at 15; Dkt. 43 ("Pl.'s Reply") at 4–5. In *Collymore*, the Second Department held that the plaintiff attempting to foreclose on the defendants' mortgage did not submit evidence sufficient to demonstrate that it had standing as the lawful holder of the note at issue. *Id.* More specifically, the court found that the defendant bank "failed to establish that the note was physically delivered to it prior to the commencement of the action." *Id.* at 754.

The plaintiff in *Collymore* provided the affidavit of its vice-president to support its summary judgment motion, but that affidavit "did not indicate when the note was physically delivered to the Bank." *Id.* Similarly, Plaintiff here has offered an affidavit of Brown, its agent, and Bollo, UBS's agent, as evidentiary support for physical delivery. But neither affidavit

indicates when—or if—the Note and Mortgage were physically delivered to UBS from Home123. Both Brown and Bollo only attest to the physical delivery of the instruments from UBS to Plaintiff. This is insufficient to establish standing on Plaintiff where the assignment between Home123 and GMAC is at issue. *See Bank of New York Mellon v. Deane*, 970 N.Y.S.2d 427, 433 (Sup. Ct. Kings Cnty. 2013) (finding that plaintiff bank failed to establish *prima facie* assignment or delivery of note because, *inter alia*, "[t]here [were] no details as to the delivery to [the intermediate entity], and, if there [were] a subsequent delivery to Plaintiff … it [was] not described.").

Homecomings Fin., LLC v. Guldi*, 108 A.D.3d 506 (2d Dep't 2013) is also instructive. In *Guldi*, the Second Department reversed summary judgment for plaintiff bank and dismissed the complaint because it found plaintiff lacked standing. The court held that the plaintiff failed to show that the intermediate entity that assigned plaintiff the note and mortgage was in fact the lawful holder of the instruments at the time of assignment. *Id.* at 508. The note identified the original lender as the "note holder," and the plaintiff was unable to provide any evidence demonstrating that the original lender physically delivered the instruments to the intermediate entity. *Id.* The court ruled that the intermediate entity "could not transfer that which it did not hold." *Id.* While the plaintiff did offer an affidavit to show it had received physical delivery of the note and mortgage, such evidence did nothing to demonstrate that the intermediate entity had received physical delivery of the note and mortgage. *Id.* at 508–09.

Just as in *Guldi*, Plaintiff here has provided no evidence that the original lender, Home123, physically delivered the Note and Mortgage to the intermediate entity, GMAC. Plaintiff only provides affidavit evidence of physical delivery as between UBS and itself.

Without making the necessary showing of physical delivery, Plaintiff has failed to demonstrate standing.

## CONCLUSION

Upon closer scrutiny, a review of the Note, Mortgage, assignment documents, and the evidence offered reveals fatal deficiencies to Plaintiff's foreclosure claim. As much as Plaintiff would like its reputed current physical possession to solve the issue, it is proof of the physical delivery between the original lender and the intermediate entity that must be shown to establish good chain of title and, consequently, establish Plaintiff's standing to bring this foreclosure action. However, because it has failed to make this showing, Plaintiff lacks the requisite standing.

For these reasons, Defendants' motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED. Because Plaintiff lacks standing to bring the foreclosure action, it is unnecessary to address either party's remaining arguments. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED**

Dated: November 4, 2014
      Brooklyn, New York                 s/WFK

                                      HON. WILLIAM F. KUNTZ, II
                                      United States District Judge