UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EASTERN SAVINGS, FSB,

        Plaintiff,

        v.

EBONY THOMPSON, KATRINA BREEDY
NEW YORK CITY PARKING VIOLATIONS
BUREAU, NEW YORK ENVIRONMENTAL
CONTROL BOARD AND JOHN DOE #1, JOHN
DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN
DOE #5, JOHN DOE #6, the last six names being
fictitious and unknown to plaintiff, the persons or
parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming
interest upon the premises described in the
Complaint,

        Defendants.
-----------------------------------------------------------------X

**DECISION AND ORDER**
12-CV-1197(WFK)(RLM)

**WILLIAM F. KUNTZ, II, United States District Judge**

On November 24, 2015, the Court of Appeals for the Second Circuit vacated this Court's award of summary judgment to defendants Ebony Thompson and Katrina Breedy (collectively, "Defendants") and denial of summary judgment to plaintiff Eastern Savings Bank ("Plaintiff"), and remanded the case for further proceedings consistent with its summary order. Following the Second Circuit's decision, both parties in this action filed renewed cross motions for summary judgment. For the reasons discussed below, the Court grants Plaintiff's renewed motion for summary judgment and denies Defendants' renewed motion for summary judgment.

## BACKGROUND

### I. Note and Mortgage

The Court assumes the parties' familiarity with the underlying facts and record of this case. *See E. Sav., FSB v. Thompson*, 57 F. Supp. 3d 198, 200-01 (E.D.N.Y. 2014) (Kuntz, J.)

1

(providing a fuller recitation of the facts and record), *vacated and remanded sub nom. E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13 (2d Cir. 2015).

On May 26, 2006, Defendants executed a $500,000.00 note and mortgage in favor of Home123 Corporation. *See* Original Note, ECF No. 61-1; Brown Aff. ¶ 4, ECF No. 37-2. The Note—secured by a mortgage encumbering the investment real property at 1696 Rockaway Parkway in Brooklyn, New York—was indorsed in blank, essentially turning the Note into a bearer security. Original Note at 5; Brown Aff. ¶ 4.

On June 23, 2006, Home123 Corporation sold the Note and Mortgage to UBS Real Estate Securities, Inc. Bollo Aff. ¶ 3, ECF No. 37-3. Pursuant to the terms of the Note, Defendants were to make monthly payments of $3,636.47 due on the first of each month, beginning July 1, 2006, until the maturity date of the Note. Original Note ¶¶ 1-3. On September 1, 2006, Defendants defaulted by failing to make their monthly payment and all subsequent payments. Brown Aff. ¶ 17. As a result, Defendants became subject to late charges of 2.000% of the overdue payment of principal and interest fifteen days after the due date. Original Note ¶ 7. Furthermore, the holder of the Note may demand immediate payment of the amount not yet paid. *Id.* ¶ 7(C) (acceleration clause).

On September 20, 2007, Plaintiff purchased the Note and Mortgage from UBS Real Estate Securities, Inc. Bollo Aff. ¶ 5. As a result of the purchase, the Note and Mortgage were physically delivered to Plaintiff. Brown Aff. ¶ 8. Plaintiff is currently in possession of the original Note and Mortgage. *Id.* (reporting physical possession of the original Note and original Mortgage as of November 20, 2007); Bollo Aff. ¶ 9 (same).

On September 19, 2011, Plaintiff sent a demand letter to Defendants. Brown Aff. ¶ 20. This demand letter notified Defendants that they were in default, provided thirty days from

receipt of the letter to cure the default, and accelerated the amount due on the Note. *Id.* ¶ 20; *see also* Original Note ¶ 7(C) (procedures for providing written notice of default). When Defendants failed to cure the default, *id.* ¶ 21, Plaintiff initiated this foreclosure action.

## II. Procedural Posture

This foreclosure action comes before this Court pursuant diversity jurisdiction. *See* 28 U.S.C. § 1332; Compl. ¶ 8, ECF No. 1. Defendants filed an answer, in which they asserted five affirmative defenses: (1) failure to state a viable cause of action, (2) lack of standing, (3) laches and estoppel, (4) statute of frauds, and (5) fraud. Answer, ECF No. 4. The parties submitted cross motions for summary judgment. ECF Nos. 32-49. On November 5, 2015, the Court issued a Decision and Order granting summary judgment for Defendants and denying summary judgment for Plaintiff. Summ. J., ECF No. 50.

In granting summary judgment for Defendants, the Court held that Plaintiff stated a *prima facie* case to foreclose a mortgage. *E. Sav., FSB*, 57 F. Supp. 3d at 202-03 (finding the existence of a note, mortgage, and proof of default sufficient to establish a *prima facie* case for foreclosure). The Court concluded, however, that Plaintiff lacked standing to bring the foreclosure action. *Id.* at 203-05. Plaintiff appealed and, in a summary order, the Court of Appeals for the Second Circuit vacated and remanded the case. *E. Sav. Bank, FSB*, 631 F. App'x at 17.

The parties filed renewed cross motions for summary judgment. Pl. Renewed Mot. Summ. J, ECF No. 60 (incorporating Plaintiff's earlier motion for summary judgment, ECF Nos. 37-43); Defs. Renewed Mot. Summ. J., ECF No. 59-1 (incorporating Defendants' earlier motion for summary judgment, ECF Nos. 32-36). The Court now grants summary judgment for Plaintiff and denies summary judgment for Defendants.

# DISCUSSION

## I. Legal Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried. In determining whether summary judgment is appropriate, this Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citations omitted). No genuine issue of material fact exists "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (internal editing omitted) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

If the moving party satisfies this burden, the non-moving party must "make a showing sufficient to establish the existence of [each] element to that party's case . . . since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Importantly, if the evidence produced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted).

## II. Analysis

The Court grants Plaintiff's renewed motion for summary judgment and denies Defendants' renewed motion for summary judgment. The Court finds that Plaintiff has standing

to bring this foreclosure action and has established a *prima facie* case. Accordingly, the burden shifts to Defendants, but Defendants fail to carry that burden for all five affirmative defenses.

### A. Standing

In its earlier decision, this Court found that Plaintiff failed to establish standing because of a defective gap in the assignment of the mortgage. *E. Sav. Bank*, 57 F. Supp. 2d at 203-05. The Second Circuit, however, found that under New York law, "although assignment of a mortgage without the accompanying note does not provide the assignee with a right to the debt, the delivery or assignment of a note without the accompanying mortgage transfers the debt and can confer standing on the recipient." *E. Sav. Bank, FSB*, 631 F. App'x at 15. In other words, in analyzing whether Plaintiff has standing in this mortgage foreclosure action, the Second Circuit held the note trumps the mortgage in determining standing.

"Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" *E. Sav. Bank, FSB*, 631 F. App'x at 15 (quoting *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981 (2d Dep't 2015)); *see also Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355, 361 (2015) ("[T]he note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law."). In order to establish standing in this mortgage foreclosure action, Plaintiff must show that it was the holder or assignee of the Note at the commencement of the instant action and that it remains the holder or assignee of the Note.

"Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." *E. Sav. Bank, FSB*, 631 F. App'x at 15. Defendants argue that an allonge is

5

missing from the Note. Defs. Renewed Mot. Summ. J. at 11-12. As the Court of Appeals notes, however, there is "[n]o evidence (or even suggestion) that the note was ever specially indorsed to any other predecessor in interest." *E. Sav. Bank, FSB*, 631 F. App'x at 15 n.1. The Note is indorsed in blank, and Plaintiff has had possession of the Note since November 20, 2007. Original Note at 5; Brown Aff. ¶ 8 (reporting physical possession of the original Note and original Mortgage as of November 20, 2007); Bollo Aff. ¶ 9 (same). Absent such special endorsement, Plaintiff was the noteholder at the commencement of this action and remains the noteholder.

### B. *Prima Facie* Case

At summary judgement, the Court found that Plaintiff established a *prima facie* case by demonstrating (1) the existence of an obligation secured by a mortgage that was executed by the Defendants, and (2) that Defendants defaulted by failing to make loan payments. *See E. Sav. Bank*, 631 F. App'x at 14 (quoting *E. Sav.*, 57 F. Supp. 2d at 202-03). Defendants' arguments to the contrary are unavailing. *See* Defs. Renewed Mot. Summ. J. at 13-15.

### C. Affirmative Defenses

For the aforementioned reasons, the Court finds that Plaintiff is in possession of the original Note. Accordingly, the Court finds that Defendants' affirmative defenses of failure to state a viable cause of action, lack of privity, statute of frauds, and fraud cannot survive summary judgment. *See* Answer ¶¶ 27-39 (failure to state a claim), 40-47 (lack of privity), 56-60 (statute of frauds), 61-65 (fraud due to allonge).

In addition, Defendants' affirmative defense of laches and/or estoppel, *id.* ¶¶ 48-55, cannot survive summary judgment. The defenses of laches and estoppel are unavailable when the foreclosure action is brought within the six-year statute of limitations. *See New York State*

*Mortg. Loan Enforcement and Admin. Corp. v. North Town Phase II*, 191 A.D. 2d 151, 152 (1st Dep't 1993) ("[T]he doctrine of laches is not available in a foreclosure action brought within the period of limitations[.]" (citing *Schmidt's Wholesale, Inc. v. Miller & Lehman Constr.*, 173 A.D.2d 1004 (3d Dep't 1991)). Defendants defaulted on September 1, 2006, and Plaintiff brought this mortgage foreclosure action on March 9, 2012. Because Plaintiff brought this action within the six-year statute of limitations, the Court finds that the defenses of laches and estoppel do not bar Plaintiff's action.

Finally, Defendants argue that paragraph twenty-four of the Complaint violates § 1301.2 of the New York State Real Property Actions and Proceedings Law ("RPAPL"), Defs. Renewed Mot. Summ. J. at 10 n.6, 15. Section 1301.2 provides: "The complaint shall state whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part has been collected." RPAPL § 1301.2. Paragraph twenty-four of the Complaint states: "No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof[.]" Compl. ¶ 24.

It is true that Plaintiff previously filed, and subsequently voluntarily dismissed, a state action on the same default of the same note, Stipulation of Discontinuance, ECF No. 59-4, but the Court finds that paragraph twenty-four of the Complaint does not violate RPAPL § 1301.2. Under New York law, Plaintiff may either bring suit to recover on the Note or proceed through foreclosure on the mortgage, but "must only elect one of these alternate remedies." *Gizzi v. Hall*, 309 A.D.2d 1140, 1141 (3d Dep't 2003). Accordingly, "[t]he purpose of RPAPL § 1301 is 'to avoid multiple suits to recover the same mortgage debt and confine the proceedings to collect the mortgage debt to one court and one action[.]" *Resolution Trust Corp. v. J.I. Sopher & Co.*, 108

F.3d 329 (2d Cir. 1997) (quoting *Dollar Dry Dock Bank v. Piping Rock Builders, Inc.*, 581 N.Y.S.2d 361 (2d Dep't 1992)). Plaintiff elected to bring a mortgage foreclosure action and has not sought another action to collect under the Note. Furthermore, "[s]ince there has been no demonstration or allegation of prejudice to the rights of any party, this [RPAPL] defect may be ignored[.]" *Marton Associates v. Vitale*, 172 A.D.2d 501 (2d Dept. 1991) (quoting CPLR 2001, 3025).

## CONCLUSION

The Court grants Plaintiff's renewed motion for summary judgment, and denies Defendants' renewed motion for summary judgment and request for trial. The Court further directs Defendants' general denial and answer to be struck from the record. *See* Fed. R. Civ. P. 12(f).

The Court refers the matter of damages to Chief Magistrate Judge Roanne Mann, and directs the parties to submit to Chief Magistrate Judge Mann all documents relevant to interest and protective advances. *See* Pl. 56.1 State. ¶ 18 (listing costs of real estate taxes, delinquent sewer and water chargers, and insurance premiums).

The Court further directs the Clerk of Court to revise the caption of this case by replacing John Doe #1 and John Doe # 2 with Evelyn Michelle and Louise Sutton, respectively, and by removing John Doe #3 through John Doe #6. *See* Fed. R. Civ. P. 15(a)(3).

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: May 19, 2016
       Brooklyn, New York